UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>BROOKS EMIL SWANSON,<br><br>      Defendant. | Case No. 2:18-cr-00294-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Brooks Swanson's Motion for Compassionate Release. Dkt. 46. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Swanson is 63 years old. Dkt. 46 at 1. Swanson has COPD, thickening of the pleura (lung lining), obstructive sleep apnea, among other medical conditions. *PSR* ¶ 42, Dkt. 38.

In May 2019, Swanson pled guilty to one count of distribution of methamphetamine. Dkt. 38. Swanson was charged with four counts of distributing methamphetamine. In the plea agreement the Government agreed to dismiss three of the counts. Dkt. 38 at 4. When Swanson was arrested, he was in possession of

**Memorandum Decision & Order – page 1**

238 grams of actual methamphetamine. Prior to his arrest, Swanson had distributed over 250 grams of methamphetamine to a confidential informant over four transactions. Swanson was held responsible for 486 grams of actual methamphetamine. *Id.* at 3. In August 2019, Swanson was sentenced to fifty months incarceration, followed by four years of supervised release. Dkt. 44.

Between January and August 2019, Swanson was on pretrial release and was allowed to self-report to FCI Sheridan. During his pretrial release Swanson completed a 60-day inpatient program and then completed an intensive out-patient treatment program. Dkt. 38 at 9. Following completion of these programs, Swanson was allowed to return home and maintained his sobriety. *Id.*

The only other criminal activity noted in the PSR occurred 17 years prior to the conduct giving rise to the conviction in this case. This made Swanson eligible for the safety valve and relieved him of the mandatory minimum sentence. In 2000, Swanson was convicted of possession of a controlled substance and robbery and was sentenced to 5 years imprisonment.[1] *Id.* at 6-7. Swanson reported that he used cocaine for a 45-day period, which led him to commit the robbery. *Id.* ¶¶ 44-45. Following his arrest on the possession and robbery charges Swanson completed a one-year treatment program and reportedly maintained his sobriety until 2016. He

---

[1] Although he was sentenced to 5-years imprisonment he was released in 2002.

**Memorandum Decision & Order – page 2**

reported that in 2016 he started using methamphetamine due to his financial situation caused by his divorce. *Id.* ¶ 44. At the time of his arrest for the current conviction he was using methamphetamine daily. *Id.*

## LEGAL STANDARD

Swanson brings his motion under 18 U.S.C. § 3582(c)(1)(A). Swanson filed a request for compassionate release with the Warden of FCI Sheridan on April 1, 2020. The Warden did not respond to the request within 30 days, giving this Court jurisdiction to hear his motion under § 3582.

In order to modify a sentence and grant compassionate release, a district court must first consider the 18 U.S.C. § 3553(a) factors. Next, the court must find that "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A). Extraordinary and compelling reasons include the defendant "suffering from a serious physical…condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmnt. 1(A)(ii). Factors to consider in determining the risk to community safety include the nature and circumstances of the offense, the offender's history and characteristics, and the nature and seriousness of the danger posed by the offender's release. *See* 18 U.S.C. § 3142(g).

## ANALYSIS

The Government agrees that Swanson's COPD and other medical conditions, combined with the current COVID-19 pandemic, present extraordinary and compelling reasons for granting release under § 3582(c). Dkt. 47 at 6. However, the Government opposes release based on the § 3553(a) factors and because, it argues, Swanson is still a danger to the community. *Id.*

Swanson has served approximately 12 months of his 50-month sentence. Swanson has been incarcerated since August 2019 at FCI Sheridan and is scheduled for release in January 2022. As of September 4, 2020, FCI Sheridan had 6 inmates test positive for COVID-19. *See* https://www.bop.gov/coronavirus/.

### A.  § 3553(a) Factors

To be sure, Swanson's offense was serious. On four separate occasions he sold a total of 250 grams of methamphetamine to a confidential informant. When he was arrested, he was in possession of 238 grams of actual methamphetamine. Swanson would have been subject to the mandatory minimum sentence of five years, but for the "safety valve" provision of the First Step Act. The Court sentenced Swanson to fifty months, which is lower than the guideline range for methamphetamine mixture.[2]

---

[2] Swanson's offense level for actual methamphetamine was 32, while his offense level for methamphetamine mixture was 30. The adjusted offense levels were 27 and 25 (Continued)

**Memorandum Decision & Order – page 4**

Swanson had previously been convicted of both robbery and possession of a controlled substance. However, these convictions – and the bulk of his criminal offenses – occurred in 2000, at least 14 years prior to the conduct giving rise to his current conviction. Swanson had no criminal history between 2003 and the current offense.

Swanson was released on pretrial release and performed admirably, attending both inpatient and outpatient treatment, and then living at home and maintaining his sobriety. The Court considered all of these factors at his sentencing. Since being incarcerated Swanson has done well in custody. He has no disciplinary record, has participated in Alcoholics Anonymous, Narcotics Anonymous, RDAP, and has taken multiple classes. He works as an orderly in the prison's recreation department. Dkt. 46-1 ¶ 11.

B.  **Danger to the Community**

Swanson was released on pretrial release and continued on presentence release. This required the Court to find by clear and convincing evidence that he could safely remain in the community. 18 U.S.C. §§ 3142, 3143. Swanson performed well on pretrial release. Further, Swanson has a release plan. He has a

---

respectively. With a criminal history category I, the guideline range for actual methamphetamine was 70 to 87 months, while the guideline range for methamphetamine mixture was 57 to 71 months.

job available as a car mechanic, and still has the equipment to return to water damage remediation. Further, he has sufficient savings to support himself as he transitions back to the community. Finally, he can live at the Fairway House, where he lived on pretrial release or onsite at the car lot. While Swanson's drug crime was serious, the government does not present evidence that shows he is anymore of a danger to the community than he was on pretrial release. Further, Swanson will be on supervised release for four years.

Accordingly, the Court will grant Swanson's motion.

## ORDER

IT IS ORDERED that the motion for compassionate release (Dkt. 46) is GRANTED and that the Bureau of Prisons is directed to release the defendant as soon as possible from incarceration to begin serving his term of Supervised Release.

DATED: September 16, 2020

B. Lynn Winmill
U.S. District Court Judge